1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**O**
**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

ADRIAN PENA,

     Plaintiff,

  v.

UNITED STATES GOVERNMENT et al.,

     Defendants.

Case No. 2:13-cv-07408-ODW(JEMx)

**ORDER DISMISSING CASE**
**WITHOUT LEAVE TO AMEND**

   Plaintiff Adrian Pena is proceeding *pro se* in this action.  On October 7, 2013, Pena filed a Complaint naming a number of seemingly unrelated entities and individuals as Defendants.  (ECF No. 1.)  A First Amended Complaint ("FAC") was filed on October 29, 2013.  (ECF No. 8.)  There are more than two dozen Defendants named in the FAC.  As far as the Court can make out, Pena's allegations involve some sort of wiretapping, forced inoculations, and a meat processor.

   The case was transferred to this Court on January 24, 2014.  There are several Motions to Dismiss pending in this action, all of which argue that the FAC fails to comply with Federal Rule of Civil Procedure 8(a).  (ECF Nos. 22, 24, 29, 31, 33, 34, 39, 43, 64.)  All of the Motions contend that the allegations in the FAC are rambling and unintelligible.

   Federal Rule of Civil Procedure 8(a) requires that a pleading contain a short and plain statement of a claim showing that the pleader is entitled to relief.  *Bautista v.*

*L.A. Cnty.*, 216 F.3d 837, 840 (9th Cir. 2000).  Further, a plaintiff must eliminate all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like from his complaint.  *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996).  The Court should be able to read and understand a plaintiff's pleading within minutes.  *Id.* at 1177.  Although the Court is required to give *pro se* plaintiffs some leniency in terms of procedure, the plaintiff must still adequately plead his complaint.  *See Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987).  A complaint that is unintelligible serves no purpose; but more importantly, it fails to perform the essential functions of a complaint.  *McHenry*, 84 F.3d at 1180.  And it requires all parties— plaintiff, defendant, and the court—to expend resources just trying to decipher the prose.  A court may *sua sponte* dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to comply with Federal Rule of Civil Procedure 8.  *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).

In addition, the factual allegations in a complaint "must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Generally, a court must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff.  *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001).  But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

As a general rule, a court should free give leave to amend a complaint that has been dismissed.  Fed. R. Civ. P. 15(a).  But a court may deny leave to amend when

1   "the court determines that the allegation of other facts consistent with the challenged
2   pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well*
3   *Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986); *see Lopez v. Smith*, 203 F.3d
4   1122, 1127 (9th Cir. 2000).

5   The Court has spent considerable time looking over Pena's FAC.  Nevertheless,
6   the Court cannot interpret Pena's rambling allegations.   The entire FAC is
7   unintelligible.   Among the more than two dozen Defendants are the United States
8   Government, the Central Intelligence Agency, the Gatorade Company, the National
9   Football League, Charter Communications, UCLA Medical Center, Jalisco Meat
10  Distribution Company, and Jack in the Box.  The handwritten FAC is hard to read at
11  certain points.  But an example of Pena's allegations is as follows:

12      [T]he Defendants . . . are responsible for electronic wiretapping, and by
13      using the applied wiretapping complex procedure, to hit the Plaintiff,
14      Adrian Pena, to the head, body, and face, and right, lower, internal jaw,
15      by using an exerted force, caused by electronic wiretapping, by an
16      electronic device(s), to hit, bind, thwart, and sabotage by blocked
17      movement, distilment practice, and by using the applied wiretapping
18      procedure [unintelligible], or in excess of the time limit required.

19  Other Defendants are alleged to have used Pena for "torture testing, body
20  cloning, induced inoculation(s) and various hospital treatments, surgeries,
21  operations, morgue operations, and hearse operations . . . ."  At one point, Pena
22  alleges that he was dropped into a meat grinder.  Pena's claims are apparently
23  for violations of several federal statutes, many of which are non-existent.

24  The Court finds that the FAC fails to meet the pleading standard set forth
25  in Federal Rule of Civil Procedure 8(a).  Defendants have not been put on
26  sufficient notice of Pena's claims.  Frankly, the Court cannot tell what Pena's
27  claims are despite reading the FAC in as much detail as possible.  Moreover,
28  the allegations that the Court can tease out of the FAC are so outrageous as to

fail the plausibility standard set forth in *Twombly*.  While the Court is required to give pro se plaintiffs like Pena some leniency, the Court finds that in this case leave to amend would be futile.  Pena's allegations are so far beyond the realm of possibility that allowing Pena to amend would only delay the inevitable.

For the reasons discussed above, the Court *sua sponte* **DISMISSES** Pena's entire First Amended Complaint **WITHOUT LEAVE TO AMEND.** All motions pending in this case are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

January 27, 2014

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**